## James Leo HUTH

### v.

## SOUTHERN PACIFIC COMPANY.

### Civ. A. No. 67-B-69.

United States District Court
S. D. Texas,
Brownsville Division.

Dec. 12, 1968.

Hardy & Sharpe, Thomas G. Sharpe, Jr., Brownsville, Tex., for plaintiff.

Fred B. Wagner, Brownsville, Tex., for defendant.

## MEMORANDUM

GARZA, District Judge.

The Plaintiff, James Leo Huth, sued the Southern Pacific Company for damages suffered by him as the result of a collision between a small car that he was driving and a Southern Pacific train at a crossing in one of the streets of the City of Brownsville, an incorporated town in Texas.

The case was tried to a jury, and in answer to interrogatories propounded by the Court the jury found that at the point where the accident happened the Southern Pacific Company had a 50-

foot right-of-way; that the Southern Pacific Company had failed to maintain its right-of-way in a manner that it would be safe for the traveling public at the crossing in question; that this was negligence and a proximate cause of the Plaintiff's injuries; that the Plaintiff, James Leo Huth, an attorney, was not negligent in any respect, and assessed his damages at $60,117.85.

The evidence showed that as the Plaintiff Huth was approaching the crossing in question, he saw the train and the flashing lights, but when he applied his brakes they failed to hold because of a large puddle of oil that was on the street and that the evidence showed had been there for at least 48 hours. The evidence also showed that the oil was within the 50-foot right-of-way of the Railroad.

The Court has before it a motion of Southern Pacific Company for judgment notwithstanding the verdict, in which it is claimed that the Court erred in its charge to the Jury about the non-delegable duty of the Railroad to maintain its roadbed and right-of-way in a safe manner for traveling public.

The Court based its charge on this point on Articles 1151 and 6327 of the Vernon's Ann. Revised Civil Statutes of the State of Texas.

The crossing in question came into existence when the State of Texas built an extension of Expressway 83 into the City of Brownsville and had an overpass at the point of the collision.

The Southern Pacific Company presented a contract of February, 1964, that it had with the Texas State Highway Department, under which the Railroad Company was to maintain only the timber part of the crossing and the Southern Pacific tries to escape liability, claiming that the maintenance of its right-of-way

where the oil was was the responsibility of the Texas Highway Department.

It calls Articles 1151 and 6327 ancient statutes, and cites to the Court Article 6673 to Article 6674w–5 having to do with the construction of expressways, etc. by the Texas Highway Commission, as controlling.

Articles 1151 and 6327 might be ancient, but they are still the law in Texas and have never been repealed, and were not repealed by the newer statutes cited by the Railroad Company. If the so-called ancient statutes did not impose a non-delegable duty on the Railroad, it could well contract this duty away and never be responsible for the non-maintenance of its roadbed and right-of-way over public streets and roads.

It was urged on the Court that they could not make the Texas Highway Commission a party to the suit because they had to get permission from the Legislature to do so. This is of no concern to the Plaintiff, but only points out that the Southern Pacific Company was trying to delegate its duty to a body that the Plaintiff himself could not sue.

██ This Court did not err in its instructions to the jury in this respect.

The Defendant, Southern Pacific Company, also claims that the verdict was excessive and asks for a remittitur.

██ The conscience of this Court was not shocked by the amount of the verdict. The evidence on damages was sufficient to sustain the verdict.

It is, therefore, ordered that the motion for judgment non obstante veredicto and for remittitur be, and the same are hereby denied; and judgment is this day being entered for the Plaintiff and against the Defendant as per the jury verdict.